JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRANDSTETTER,<br><br>                        Plaintiff,<br><br>        v.<br><br>CITY OF RIVERSIDE, et al.,<br><br>                        Defendants. | Case No. 5:20-cv-01866-FLA (SHKx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. 47]; DENYING PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT [DKT. 51]; AND DENYING DEFENDANTS' MOTION FOR SANCTIONS [DKT. 55]**<br><br>Date:             July 7, 2023<br>Time:             1:30 p.m.<br>Courtroom:     6B |

## RULING

Before the court are Defendants City of Riverside (the "City"), Riverside Police Department Chief Larry Gonzalez ("Chief Gonzalez"), Riverside Police Department Detective Jolynn Turner ("Detective Turner"), and Riverside Police Department's (collectively, "Defendants") Motion for Summary Judgment (Dkt. 47) and Plaintiff John Brandstetter's ("Plaintiff") Motion for Partial Summary Judgment (Dkt. 51). Both motions are opposed. Dkts. 59, 64.

1

1    On July 7, 2023, a hearing was held on the cross-motions for summary

2    judgment.  For the reasons stated below, the court GRANTS Defendants' Motion for

3    Summary Judgment and DENIES Plaintiff's Motion for Partial Summary Judgment.[1]

4    Defendants' Motion for Sanctions (Dkt. 55) is DENIED.

5                                    **BACKGROUND**

6        Plaintiff filed this action on September 9, 2020, seeking (1) damages pursuant

7    to 42 U.S.C. § 1983 ("section 1983") for an unconstitutional search and seizure in

8    violation of the Fourth Amendment, (2) injunctive relief pursuant to section 1983 for

9    wrongful retention of firearms in violation of the Second, Fourth, and Fourteenth

10   Amendments, and (3) damages and injunctive relief pursuant to California law.  Dkt. 1

11   ("Compl.").

12       Plaintiff allowed a third party, Kevin Gleason ("Gleason"), to reside

13   temporarily in his home in Rosemead, California.  *Id.* ¶¶ 9-10.  Unbeknownst to

14   Plaintiff, Gleason was the subject of a criminal investigation in May 2020.[2]  *Id.* ¶ 14.

15   As a result of the investigation, Detective Turner sought and obtained an arrest

16   warrant for Gleason and a search warrant for Plaintiff's home.  *Id.* ¶ 16; Dkt. 51-2 at

17   139-48.[3]  Detective Turner also obtained judicial authorization for an FBI SWAT

18

19

20   [1] Plaintiff's evidentiary objections (Dkt. 65) are OVERRULED.  *See* Fed. R. Civ. P.

21   56(c)(2) (On a motion for summary judgment, the parties may only object to evidence
     if it "cannot be presented in a form that would be admissible in evidence.").

22   Defendants' requests for judicial notice (Dkts. 54-1, 61) are DENIED as moot.

23   [2] Gleason was allegedly extorting, or attempting to extort, money from his estranged

24   wife (the "victim") by blackmailing her with photographs and videos of a sexual
     nature.  *Id.* ¶ 14; Dkt. 51-2 at 139-148.  Gleason also threatened the victim with

25   "dragon's breath," a type of shotgun ammunition.  Dkt. 51-2 at 147-161.  Gleason was

26   subsequently charged with four state felonies in connection with Detective Turner's
     investigation.  Dkt. 54-15.

27
     [3] The court cites documents by page numbers added by the CM/ECF system rather
28   than numbers listed on the documents natively.

team to accompany Riverside Police Department investigators to serve and execute the warrants.  Compl. ¶ 17; Dkt. 51-2 at 140.

Law enforcement executed the warrants on June 19, 2020.  *Id.* ¶ 18; Dkt. 51-2 at 149.  The search warrant directed officers to seize any firearm on Plaintiff's property and resulted in the seizure of ten firearms Plaintiff lawfully owned (the "firearms").  *Id.* ¶ 20; Dkt. 51-2 at 149.  Detective Turner subsequently took custody of the firearms.  *Id.* ¶ 20.  Plaintiff contends Chief Gonzalez and the Riverside Police Department have refused to return the firearms to Plaintiff, even though Detective Turner has since recognized that the firearms have no connection to any criminal activity by Gleason and that no investigatory purpose is served by continuing to withhold the firearms from Plaintiff.  *Id.* ¶ 21.

Plaintiff requested the return of the firearms in letters dated July 24, 2020, and August 20, 2020.  Compl. Exs. C, D.  Defendants contend they cannot return the firearms to Plaintiff lawfully unless and until he complies with California Penal Code §§ 33850-33895, which require Plaintiff first to secure authorization from the Bureau of Firearms, an agency within the California Department of Justice ("DOJ").  Dkt. 24 at 7-9; Dkt. 47 at 11-13.  Plaintiff has not submitted the required application for DOJ approval.  Dkt. 54-11 (Defendants' Amended Statement of Uncontroverted Facts, "DASUF") ¶ 5; Dkt. 64-1 (Plaintiff's Separate Statement of Genuine Disputes, "PSGD") ¶ 5.

On August 8, 2021, the court denied Plaintiff's Motion for Preliminary Injunction, which sought the release and return of the firearms.  Dkt. 27.

## DISCUSSION

### I.    Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly

3

preclude the entry of summary judgment." *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its initial burden, the opposing party must then set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248-49. A party cannot defeat summary judgment based solely on the allegations or denials of the pleadings, conclusory statements, or unsupported conjecture. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).  Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  Inferences may be drawn from underlying facts that are either not in dispute or that may be resolved at trial in favor of the nonmoving party, but only if they are "rational" or "reasonable" and otherwise permissible under the governing substantive law. *Id.*  The court must view all evidence and justifiable inferences "in the light most favorable to the nonmoving party." *Id.* at 630-31.

/ / /

## II.    <u>Analysis</u>

Defendants move for summary judgment on the entirety of Plaintiff's Complaint. *See generally* Dkt. 47. The court, therefore, addresses each cause of action in turn.

### A.    Section 1983 Claims

To state a valid section 1983 claim against an individual, a plaintiff must establish that a person acting under the color of state law has deprived him of a right secured by the United States Constitution or federal law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). A government entity cannot be held liable under section 1983 for the conduct of its employees "unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 691, 694 (1978)). To establish liability for governmental entities under *Monell*, a plaintiff must establish: (1) a constitutional right of which he was deprived, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference of his constitutional right, and (4) the policy is the moving force behind the constitutional violation. *Id.*

#### i.    Search Warrant

First, Plaintiff alleges Defendants violated his rights under the Fourth Amendment by procuring and executing an overbroad search warrant of his home without probable cause. Compl. ¶¶ 26-29.

Probable cause exists to support the issuance of a search warrant if, given the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *People v. Evans*, 200 Cal. App. 4th 735, 753 (2011) (citing *Alabama v. White*, 496 U.S. 325, 330 (1990) (quotation marks omitted)). A fair probability does not mean "certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (citing *Gates*, 462 U.S. at 246).

Probable cause to search, therefore, exists when the "known facts and circumstances
are sufficient to warrant a [person] of reasonable prudence in the belief that
contraband or evidence of a crime will be found." *Evans*, 200 Cal. App. 4th at 753
(citing *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). It is a "fluid concept—
turning on the assessment of probabilities in particular factual contexts," and is
incapable of precise definition but must be based on "objective facts" rather than the
officer's state of mind. *Id.* at 339 (internal quotations and citations omitted). Thus,
the court must look to the issuing judge's determination based on the "commonsense,
practical question whether there is 'probable cause' to believe that contraband or
evidence is located in a particular place." *Gates*, 462 U.S. at 230.

Courts usually review the issuance of a search warrant deferentially and uphold
it if the issuing judge "had a substantial basis for concluding that probable cause
existed based on the totality of the circumstances." *Ewing v. City of Stockton*, 588
F.3d 1218, 1223 (9th Cir. 2009) (internal quotation, brackets, and citations omitted).
However, the Fourth Amendment standard on probable cause assumes there is a
truthful factual showing to support probable cause. *Franks v. Delaware*, 438 U.S.
154, 164-65 (1978). If an affiant knowingly or recklessly provides false information
in the affidavit, the warrant is invalid and there may be a cognizable Fourth
Amendment violation despite the facially valid warrant. *Id.* at 171-72.

To prevail on such a claim in the section 1983 context, plaintiffs do not need to
establish that the investigating officer had specific intent to deceive the issuing judge.
*See Lombardi v. City of El Cajon,* 117 F.3d 1117, 1124 (9th Cir. 1997). Rather, a
plaintiff must (1) establish that the warrant affidavit contained misrepresentations or
omissions material to the finding of probable cause, and (2) make a "substantial
showing" that the misrepresentations or omissions were made intentionally or with
reckless disregard for the truth. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083
(9th Cir. 2011); *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004); *Galbraith v. City
of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002). The first assessment, that of

6

materiality of the misrepresentations or omissions, is a question that must be decided by the court, rather than a jury. *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995). "Omissions, misstatements, and erroneous assumptions resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause." *United States v. Smith,* 588 F.2d 737, 740 (9th Cir. 1978); *see also United States v. Johns*, 948 F.2d 599, 606-07 (9th Cir. 1991).

Here, Defendants obtained a judicially authorized search warrant for Plaintiff's residence on June 17, 2020. Dkt. 51-2 at 139-48. Plaintiff agrees there was probable cause to issue the search warrant for his home and to seize certain firearms. Dkt. 64-1 (PSGD) ¶¶ 2, 4. Nonetheless, Plaintiff asserts the warrant was overbroad because Detective Turner's affidavit deliberately or recklessly misrepresented or omitted material facts. Dkt. 64 at 7-10. Specifically, Plaintiff argues Detective Turner's affidavit did not disclose that: (1) Gleason was a guest resident in Plaintiff's home, (2) Plaintiff and other potential residents were not involved in Gleason's criminal activities, and (3) all vehicles and firearms at the residence belonged to Plaintiff. *Id.*

Defendants move for summary judgment on the grounds that the warrant was supported by probable cause. Dkt. 47 at 11-17. Defendants argue there is no evidence of deliberate misrepresentations or omissions in Detective Turner's affidavit, and that Plaintiff's identified facts are not material to probable cause or to the scope of the search warrant issued. Dkt. 68 at 3-5. The court agrees with Defendants.

Plaintiff cites *Liston v. County of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997), to argue Detective Turner can be held liable for omitting material facts in her warrant application. Dkt. 64 at 8-9. The facts identified by Plaintiff, however, are not material. Detective Turner confirmed Gleason's location through his electronic IP addresses and cell phone pings, and attested in the warrant application that she had probable cause to believe Gleason was living at Plaintiff's residence. Dkt. 51-2 at 146-48. She did not state Gleason was the only resident. Dkt. 51-2 at 148. She also described Gleason's threats to harm the victim with "dragon's breath"— a type of

1  shotgun ammunition—while living there. *See* Dkt. 51-2 at 147-48, 161.

2       Considering Gleason's threats of violence, coupled with the victim's statement

3  that Gleason may have had access to several firearms, the court finds probable cause

4  existed for the warrant as issued—including for the search and seizure of any and all

5  firearms, computers, and vehicles at the residence to which Gleason had access,

6  regardless of ownership.  Gleason could have used anything accessible to him within

7  the home to carry out his threats against the victim.[4]  The court, therefore, determines

8  Detective Turner's affidavit did not contain misrepresentations or omissions material

9  to the finding of probable cause. *See Bravo*, 665 F.3d at 1083; *Hervey*, 65 F.3d at

10  789.

11       Plaintiff fails to present sufficient evidence to support a violation of his rights

12  under the Fourth Amendment in the procurement and execution of the search warrant.

13  The court, therefore, GRANTS Defendant's Motion for Summary Judgment on

14  Plaintiff's first cause of action.

15            **ii.    Retention of Firearms**

16       Next, Plaintiff alleges Defendants violated his rights under the Second, Fourth,

17  and Fourteenth Amendments by refusing to return his firearms unless and until he

18  complies with California Penal Code §§ 33850-33895.  Compl. ¶¶ 30-35.  California

19  Penal Code § 33850 provides:

20  _____

21  [4] Plaintiff's firearms were stored in the attic, unsecured, and accessible to all residents,
    and were not in a locked gun safe.  Dkt. 54-11 (DASUF) ¶ 5; Dkt. 64-1 (PSGD) ¶¶

22  18-19.  Plaintiff contends Gleason did not have access to these guns because the attic
    was accessible only through Plaintiff's bedroom and behind multiple doors.  Plaintiff,

23  however, does not present any evidence to establish that Gleason could not have

24  entered the attic or obtained access to the guns.  To the contrary, Plaintiff testified at
    deposition that he allowed Gleason to live with him because he "wanted someone to

25  stay at [his] house when [he] was going to be out of town," and that he left Gleason

26  alone at the house for up to a month at a time.  Dkt. 59-1 at 8.  Plaintiff additionally
    testified he left the doors to the attic unlocked when he was not at home. *Id.* at 17.

27  Based on the evidence presented, the court finds there is no genuine dispute that

28  Gleason had access to both the attic and the seized firearms.

> Any person who claims title to any firearm … that is in the custody or
> control of a court or law enforcement agency and who wishes to have
> the firearm … returned shall make application for a determination by
> the Department of Justice as to whether the applicant is eligible to
> possess a firearm ….   The application shall be submitted
> electronically via the California Firearms Application Reporting
> System (CFARS) ….

Under California Penal Code § 33855(a):

> A law enforcement agency or court that has taken custody of any
> firearm … shall not return the firearm … to any individual unless …
>
> (a) The individual presents to the agency or court notification of a
> determination by the department pursuant to Section 33865 that the
> person is eligible to possess a firearm….

In short, California law requires an individual whose firearms have been confiscated by law enforcement to submit an online application to the DOJ, and for the DOJ to complete an eligibility check of the applicant thereafter. *Id.* §§ 33850, 33865.[5]  Law enforcement is prohibited by law from releasing firearms until presented with the DOJ's determination that the applicant is eligible to possess the firearms. *Id.* § 33855.

Here, Plaintiff's firearms were lawfully seized on June 19, 2020, pursuant to a lawful search warrant. *See* Dkt. 51-2 at 149-51.  Plaintiff acknowledges Defendants' reliance on California Penal Code §§ 33850-33895, but maintains the statutes are insufficient justification for the retention of his firearms.  Dkt. 64 at 16-17. Defendants argue summary judgment is warranted because Plaintiff has not attempted to comply with the mandatory requirements of California Penal Code §§ 33850-33895 for the return of his firearms, or shown he otherwise lacks an adequate remedy at law. Dkt. 47 at 19-23; Dkt. 68 at 10.  The court agrees with Defendants.

---

[5] California Penal Code § 33865(a) states: "When the Department of Justice receives a completed application pursuant to Section 33850 accompanied by the fee required pursuant to Section 33860, it shall conduct an eligibility check of the applicant to determine whether the applicant is eligible to possess a firearm…."

Notably, Plaintiff has maintained throughout this action he "does not contend any portion of the California Penal Code is unconstitutional" and instead contests only the statute's constitutionality as applied to him.  Dkt. 26 at 2; *see* Dkt. 89 at 2. However, as Plaintiff has not attempted to comply with California Penal Code §§ 33850-33895, his argument on constitutionality is not yet ripe; that is, because the statute has not been applied to him, there is no prohibition or other obstacle preventing Plaintiff from obtaining his firearms but himself.  *Cf. Rodriguez v. City of San Jose*, 930 F.3d 1123, 1127-29 (9th Cir. 2019) (plaintiff brought action for constitutional violations *after* taking necessary steps under California Penal Code § 33850 and defendant refused to return firearms); *Calhoun v. City of Hercules Police Dep't*, Case No. 3:14-cv-01684-VC, 2014 WL 4966030, at *3 (N.D. Cal. 2014) (same). Additionally, because Plaintiff has deliberately refused to make use of available-post deprivation remedies, he has not shown he lacks an adequate remedy at law.  *See Reynaga v. Monterey Cnty. Dist. Atty's Off.*, Case No. 5:13-cv-01674-RMW, 2014 WL 984389, at *2 (N.D. Cal. 2014) (Because "available state remedies generally satisfy the post-deprivation process requirement of the Due Process Clause … [plaintiff] has a state remedy for the return of the gun.").

Thus, Plaintiff fails to present sufficient evidence to support violations of his rights under the Second, Fourth, or Fourteenth Amendments.  Finding no violations of Plaintiff's constitutional rights, the court need not reach the parties' remaining arguments regarding qualified immunity under section 1983 or *Monell* liability.  *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (Qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); *see also Dougherty*, 654 F.3d at 900.  The court, therefore, GRANTS Defendant's Motion for Summary Judgment on Plaintiff's second cause of action.

/ / /

/ / /

**B.      State Law Claims**

Plaintiff's third cause of action appears to allege violations of the Bane Act, California Civil Code § 52.1.  Compl. ¶¶ 36-40.  Neither Plaintiff nor Defendants addressed this in their briefing.

"The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right."  *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022).  Having granted summary judgment in favor of Defendants on Plaintiff's first and second causes of action brought under section 1983, the court GRANTS summary judgment in Defendants' favor on Plaintiff's third cause of action for violation of the Bane Act.  *See id.*

<u>CONCLUSION</u>

For the reasons stated above, the court GRANTS Defendants' Motion for Summary Judgment (Dkt. 47) and DENIES Plaintiff's Partial Motion for Summary Judgment (Dkt. 51).  This Order shall constitute notice of entry of judgment pursuant to Fed. R. Civ. P. 58.  Pursuant to Local Rule 58-6, the court ORDERS the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Defendants' Motion for Sanctions (Dkt. 55) is DENIED.  Defendants do not meet their burden to demonstrate that sanctions are warranted under Fed. R. Civ. P. 11(b).

IT IS SO ORDERED.

Dated: August 21, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge